UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| U.S. WELL SERVICES, LLC, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 3:19-CV-00237 |
| § | |
| TOPS WELL SERVICES, ET AL., § | |
| § | |
| Defendants. § | |

## ORDER

Pending before me is Defendants' Opposed Motion for Leave to Serve Its P.R. 3-3 and 3-4 First Amended Preliminary Invalidity Contentions (the "Motion"). *See* Dkt. 76. In the Motion, TOPS Well Services, LLC and HongHua America, LLC ("Honghua") (collectively, "Defendants") assert that there is good cause to allow an untimely amendment to their invalidity contentions. After reviewing the Motion, responsive briefing, and applicable law, I find that good cause does not exist to allow Defendants' proposed amendment. Consequently, the Motion is **DENIED**.

## BACKGROUND

U.S. Well Services, LLC ("USWS") owns United States Patent Nos. 9,410,410, 8,789,601, 9,611,728, 9,970,278, and 10,337,308, which cover systems that use electricity to power hydraulic fracturing operations. USWS sued Defendants for allegedly manufacturing, selling, and/or using electric powered fracturing systems that infringe USWS's patented systems.

Under the agreed Patent Case Scheduling Order, Defendants' deadline to serve

invalidity contentions was January 10, 2020. *See* Dkt. 33 at 2. USWS agreed to an extension, and Defendants served their Preliminary Invalidity Contentions on January 17, 2020. On March 6, 2020, the parties filed their Joint Claim Construction and Prehearing Statement, listing each party's proposed constructions of each disputed claim term with identification of supporting evidence. *See* Dkt. 57. On April 24, 2020, Defendants provided USWS a version of the Amended Preliminary Contentions, adding: (1) one newly discovered reference, the Black Diamond System (the "Black Diamond Reference"), including a claim chart;[1] (2) a claim chart of a previously disclosed, but uncharted, primary reference, the Honghua mud pumps reference (the "Honghua Mud Pumps Reference");[2] and (3) some other miscellaneous changes. In response, USWS asserted that Defendants' proposed amendment was inappropriate and further indicated that Defendants must seek leave of court.

USWS filed its opening claim construction brief on April 24, 2020, five days before Defendants filed the Motion.

## LEGAL STANDARD

The Southern District of Texas Local Patent Rules allow amendments to preliminary invalidity contentions "only if the presiding judge finds there is good cause for the requested changes." P.R. 3-7(a). "The Federal Circuit has held that 'good cause'

---

[1] Defendants gave USWS notice of the Black Diamond Reference on March 12, 2020, but they did not provide USWS with a version of the Amended Preliminary Contentions including a chart of the Black Diamond Reference until April 24, 2020.

[2] Defendants mentioned the Honghua Mud Pumps Reference in the background section of their timely filed Preliminary Invalidity Contentions, but did not send USWS a version of the Amended Preliminary Contentions that included a chart of this reference until March 25, 2020.

2

for purposes of amendments to invalidity and infringement contentions 'requires a showing of diligence.'" *Performance Aftermarket Parts Grp., Ltd. v. TI Grp. Auto. Sys., Inc.*, No. Civ A H-05-4251, 2007 WL 836904, at *1 (S.D. Tex. Mar. 15, 2007) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). Similarly, the Local Patent Rules provide that "good cause may be found only if the party seeking leave to amend shows that it exercised diligence in seeking the newly discovered information or documents." P.R. 3-7(b). The party seeking leave to amend has the burden to establish diligence. *See O2 Micro*, 467 F.3d at 1366. In addition to examining diligence, a district court ruling on a motion to amend preliminary invalidity contentions should consider: the importance of the amendment, potential prejudice in allowing the amendment, and the availability of a continuance to cure such prejudice. *See Arbitron, Inc. v. Int'l Demographics Inc.*, No. 2:06–CV–434, 2009 WL 166555, at *1 (E.D. Tex. Jan. 16, 2009). A district court's decision to grant or deny a motion to amend invalidity contentions will be upheld unless it is "clearly unreasonable, arbitrary, or fanciful; based on erroneous conclusions of law; clearly erroneous; or unsupported by any evidence." *Id.* at 1367.

## ANALYSIS

**A. DILIGENCE**

A "good cause" analysis as part of a motion to amend must include a determination of diligence on the part of the movant. *See O2 Micro*, 467 F.3d at 1366. "In the context of untimely amendments to invalidity contentions, . . . the amending party [must] show it was diligent both in discovering *and* in disclosing the prior art references."

*Uniloc 2017 LLC v. Google LLC*, No. 218CV00503JRGRSP, 2020 WL 709557, at *2 (E.D. Tex. Feb. 10, 2020) (quotation marks and citation omitted).  Thus, it is critical for the movant to explain how it was diligent in *seeking* the newly discovered information. *See Arbitron*, 2009 WL 166555, at *2; P.R. 3-7(b).  Consequently, if diligence in seeking the newly discovered information is not shown, good cause may not be found.  *See Uniloc*, 2020 WL 709557, at *2 ("A party's failure to provide *any* adequate justification for its untimely disclosure materially weighs heavily in favor of rejecting the disclosure, and may even be sufficient standing alone to support exclusion." (quotation marks and citation omitted)).

    Defendants fail to point to any evidence or provide any explanation concerning their diligence in seeking the new information prior to its discovery.  This is true for the Black Diamond Reference, the Honghua Mud Pumps Reference, and the other miscellaneous proposed changes.  "While Defendants have acted promptly in bringing these new arts to the attention of [USWS] and the Court, they have failed to explain why, with reasonable diligence, they could not have discovered such arts prior to the deadline for filing Invalidity Contentions."  *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-CV-00522-JRG, 2014 WL 2796555, at *1 (E.D. Tex. June 19, 2014).  "That it took Defendants more time beyond the original deadline to find these new arts, in and of itself, is no excuse for a late supplementation.  To hold otherwise would render the explanation for the party's failure to meet the deadline a non-factor."  *Id.* (internal quotation marks and citation omitted).

In an effort to explain why they did not timely disclose the Black Diamond Reference, Defendants claim that "[a]lthough the Black Diamond system was publicly disclosed and offered for sale, it was not reflected in a patent application or other catalogued document that Defendants could have found through a traditional prior art search using the Internet or other generally available research tools." Dkt. 76 at 9. The problem is that Defendants have failed to show that they exercised diligence in seeking the information, which is what they are required to do in order to provide a satisfactory explanation. *See Uniloc*, 2020 WL 709557, at *2 (asserting that a showing of diligence in seeking the newly discovered information is required to establish the first factor—explanation). In addition, Defendant's Motion represents that the Black Diamond Reference was "publicly disclosed and offered for sale," Dkt. 76 at 9, which further weighs against a finding of diligence. *See Uniloc*, 2020 WL 709557, at *2 ("If this information was publicly available, then [the defendant] should have been able to acquire this information, had it diligently searched for it.").

Although the existence of the Honghua Mud Pumps Reference was disclosed in Defendants' original contentions, Defendants did not even attempt to explain why they delayed fully charting the Honghua Mud Pumps Reference.[3] Honghua owned these mud pumps and obviously knew about them, so there does not seem to be any valid reason why Defendants did not chart them by the agreed deadline.

---

[3] Defendants similarly did not even attempt to explain why they failed to include the miscellaneous changes in their original contentions.

Defendants' failure to show diligence thus weighs against granting leave to amend. *See Performance Aftermarket*, 2007 WL 836904, at *2.

**B.   IMPORTANCE**

Defendants assert that "the Black Diamond system serves as a potentially invalidating reference. The system included key elements of the Asserted Claims including an electric motor and a variable frequency drive for driving and controlling the system." Dkt. 76 at 10. Defendants further argue that "the Honghua mud pumps were structurally very similar to the accused hydraulic fracturing pumps identified in [USWS's] infringement contentions, and thus, potentially invalidating." *Id.* at 11.

In evaluating the "importance" of a proposed amendment to invalidity contentions, courts consider "the uniqueness of [movant's] substantive disclosures relative to other, previously-disclosed prior art." *See Uniloc*, 2020 WL 709557, at *3. "When a proposed reference's disclosures are substantively cumulative of the disclosures in other references that have already been identified in a party's invalidity charts, such proposed reference offers little or no . . . probative value and is unlikely to be important." *See id.* at *3. Here, Defendants' Preliminary Invalidity Contentions already contain 19 sets of claim charts that total over 1,800 pages. *See* Dkt. 91-2 at 1–2, ¶¶ 3–6. Defendants make no effort to compare the two new sets of claim charts they seek to add with their previously disclosed contentions. Because Defendants did "not adequately identify any disclosure in the new information that is distinct from [Defendants'] already-identified prior art," I have "no basis to conclude that the new information would constitute important evidence at trial or otherwise." *See Uniloc*, 2020 WL 709557, at *3. Consequently, I find that

6

Defendants have not carried their burden of showing that their proposed references are important.[4] *See Danco, Inc. v. Lavelle Indus., Inc.*, No. 5:16CV48-CMC, 2017 WL 10154229, at *4 (E.D. Tex. Mar. 20, 2017) (Because "the court could not determine the importance of the amendment 'based solely on zealous argument,'" the defendant "failed to persuade the Court of the importance of the amendment." (quoting *Innovative Display*, 2014 WL 2796555, at *2)). "Thus, this factor weighs against supplementation since the importance is low." *Uniloc*, 2020 WL 709557, at *4.

## C. POTENTIAL PREJUDICE

Allowing Defendants' proposed amendments could result in unfair prejudice to USWS because Defendants sought leave to amend (1) two months after the filing of the Joint Claim Construction and Prehearing Statement;[5] (2) one month after the discovery deadline on claim construction issues; (3) five days after USWS filed its initial claim construction brief; and (4) a month and a half before the claim construction hearing. *See Innovative Display*, 2014 WL 2796555, at *2 ("[C]ontrary to Defendants' argument, Plaintiff would be prejudiced by the Amended Invalidity Contentions. Defendants sought leave to amend the invalidity contentions . . . about two months before the scheduled Claim Construction Hearing . . . and after the parties have submitted their Joint Claim Construction and Prehearing Statement."). "[N]o experienced practitioner would argue

---

[4] The same is true for the proposed miscellaneous changes. Defendants do not even attempt to argue that these changes are important.

[5] USWS had established its claim construction positions in the Joint Claim Construction and Prehearing Statement even before Defendants disclosed to USWS the existence of the Black Diamond Reference.

that the sudden introduction of a new prior art reference is not prejudicial." *Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 542 (E.D. Tex. 2015).  This is true because a plaintiff in a patent case must be careful to assert constructions that are not so broad that they read on prior art.  If new prior art is introduced after a plaintiff has already chosen its claim construction positions, there is a serious risk that the claim construction positions the plaintiff chose might read on the newly introduced prior art and invalidate the plaintiff's patents without giving the plaintiff a chance to narrow the scope of their proposed constructions.  *See Danco*, 2017 WL 10154229, at *5 (Because "'the parties' claim construction positions as a practical matter would be influenced by the scope and combination of the specific priors [sic] arts disclosed' in the invalidity contentions[,] . . . allowing amendment so close to the hearing, and after the parties had 'largely formulated their respective positions, would [prejudice] Plaintiff.'" (quoting *Innovative Display*, 2014 WL 2796555, at *2)).

Accordingly, the prejudice factor weighs in USWS's favor.  *See Allure Energy*, 84 F. Supp. 3d at 542 (Defendants' "delay in correcting the Invalidity Contentions until all crucial pre-Markman deadlines had passed, makes it unfair prejudice.").

D.   AVAILABILITY OF A CONTINUANCE

At this juncture, a continuance would not resolve the prejudice to USWS.  The reply brief for the Motion was filed 12 days after the claim construction briefing concluded.  It is too late for USWS to alter its proposed constructions to ensure that they do not read on the new references.  A continuance cannot resolve this fact, especially now that the claim construction hearing has already been held.

**CONCLUSION**

Given that every factor weighs against finding good cause, I find that Defendants have not shown good cause. Accordingly, Defendants' Motion is **DENIED**.

SIGNED this 16th day of September, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE